UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHNNY COWHERD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 13-157-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GARY BECKSTROM, Warden [1], | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Johnny Cowherd has filed a "Petition to Vacate Sentence and Conviction Pursuant to CR 60(B)." [Record No. 1] Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court had conducted a preliminary review of this filing. Examination reveals that it is a successive § 2254 petition. As a result, the matter will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a district court should transfer to the Sixth Circuit a second or successive habeas petition filed directly with a district court).

---

[1] The proper respondent to a habeas petition is the petitioner's custodian. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. A review of the Kentucky Online Offender website indicates that the Petitioner is currently incarcerated at the Eastern Kentucky Correctional Complex. Therefore, the Court substitutes that facility's Warden, Gary Beckstrom, as the proper Respondent.

**I.**

On November 23, 1993, a final Judgment of the Fayette Circuit Court was entered, reflecting that a jury had convicted the Petitioner of two counts of First-Degree Rape, four counts of First-Degree Sodomy and one count of Second-Degree Burglary. [Record No. 1-2, at 2] The Petitioner was sentenced to 104 years in prison, and the Kentucky Supreme Court affirmed. Over the next decade, the Petitioner challenged his conviction and sentence in state court by filing an appeal as well as numerous post-judgment motions, including a motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. This motion was filed in 1994, and several motion under Civil Rule 60.02 were filed thereafter.

On June 11, 2001, the Petitioner filed a petition for a writ of habeas corpus in this Court. *See Cowherd v. Million*, No. 5: 01-cv-250-HRW-JBT. In that petition, Cowherd asserted claims that: (1) his 104-year sentence violated his Eighth Amendment right against cruel and unusual punishment; (2) his Fifth Amendment right against double jeopardy was violated because he was indicted and found guilty multiple times for the same crime (two identical charges of rape and three identical charges of sodomy), and (3) his counsel was constitutionally ineffective for failing to investigate the case. This Court initially dismissed the Petition as untimely, but the Sixth Circuit overruled prior circuit precedent and remanded the matter for review on the merits. *See Cowherd v. Million,* 380 F.3d 909 (6th Cir. 2004). Following remand, this Court denied the petition on the merits. *See Cowherd v. Million,* 260 F. App'x 781, 784 (6th Cir. 2008). In 2008, the Sixth Circuit affirmed that determination. *Id*.

After the Sixth Circuit affirmed the dismissal of the petition, Cowherd continued to file motions in state court challenging his conviction. [Record No. 1-3]  On January 5, 2010, the Petitioner raised the issue of the use of allegedly improper jury instructions in the state court. (*Id.*).  The Kentucky courts denied his motion on this issue, stating this issue should have been raised – if at all – on direct appeal in his RCr 11.42 motion, and in his first rule 60 motion. [Record No. 1-2, at 4][2]

On May 30, 2013, Cowherd filed the current motion, which he captioned as a "Petition to Vacate Sentence and Conviction Pursuant to CR 60(B)."  In this motion, the Petitioner challenges his state 1993 conviction, arguing that the jury instructions were improper and violated his constitutional rights because they did not factually distinguish between the multiple offenses. [Record No. 1, at 2]

**II.**

As a threshold matter, the Court must consider whether it has jurisdiction to address the petition.  While Cowherd seems to rely on Rule 60(b) of the Federal Rules of Civil Procedure in seeking relief, classification is necessary for a determination of jurisdiction because the Petitioner has already filed one § 2254 Petition, *Cowherd*, 260 F. App'x at 783-84, and the Antiterrorism and Effective Death Penalty Act (AEDPA) prohibits the filing of a second or successive § 2254 motion without authorization from the United States Court of Appeals for the

---

[2]   On March 28, 2012, Cowherd filed a state petition for a writ of habeas corpus in Oldham Circuit Court, asserting his conviction was invalid because the jury was unable to differentiate between the various counts of the same offense. [Record No. 1-1, at 3]  The trial court denied the petition and the Kentucky Court of Appeals affirmed, finding the issues should have been raised previously.

Sixth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A); *See* Rule 9, Rules Governing Section 2254 Proceedings for the United States District Court.

Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2254 are two different procedural vehicles.  Rule 60(b) permits a party to seek relief from a final judgment and request that his case be reopened if certain circumstances exist.  Here, the Petitioner does not identify from what federal judgment he seeks relief.  Instead, it is clear that what he actually seeks is for this Court to consider his new claim as a challenge to the underlying state court judgment on which he is presently in custody.  Such a claim – and the type of relief sought for such a claim – is presented by way of a § 2254 petition.  *See* 28 U.S.C. § 2254.

A filing purportedly based on Rule 60(b) constitutes a successive habeas petition if it asserts a claim.  *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005).  A claim is defined as "an asserted federal basis for relief from a state court's judgment of conviction." *Id.*  For example, the Supreme Court has instructed that a motion asserts a claim if it: "(1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Id.* at 532.  On the other hand, a filing is not a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

Here, the petition sets forth a new claim not raised in Cowherd's prior federal collateral proceeding (i.e, that the jury instructions at his state criminal trial were improper and violated certain of his constitutional rights).  The Petitioner does not allege that there has been an intervening judgment since his first § 2254 petition.  *See Magwood v. Patterson*, __ U.S. __, 130

S. Ct. 2788, 2801(2010). Instead, he challenges the same state court judgment in both petitions. The current petition is deemed "second or successive" because Cowherd raised a new claim but has failed to show that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or that the factual predicate of his claim was not previously discoverable through the exercise of due diligence. *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (Clay, J., concurring) (second-in-time § 2254 applications are deemed "second or successive" unless falls within exception contained in 28 U.S.C. § 2244(b)(2)). Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it unless Cowherd first obtains authorization from the Sixth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

### III.

For the reasons outlined above, it is **ORDERED** as follows:

(1)   The Petitioner's filing [Record No. 1] is construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

(2)   The petition is transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether the Petitioner will be granted authorization to file a second or successive habeas petition.

(3)   The petition is **DISMISSED** from this Court's docket.

This 6th day of June, 2013.



**Signed By:**
**_Danny C. Reeves_** DCR
**United States District Judge**